JAMES CARLTON *vs.* SAMUEL B. PIERCE.

A party to an action for breach of warranty and deceit, testifying in his own behalf, cannot be asked in cross-examination if the adverse party made certain declarations to him after the transaction was completed; no statements or admissions of the party testifying being sought for.

Where the declaration contains one count in contract and one in tort, with an averment that both are for one and the same cause of action, a motion to compel the plaintiff to elect upon which count he will proceed is addressed to the discretion of the court, and to its decision no exception lies.

ACTION for breach of warranty and deceit in the sale of a horse.   The declaration contained one count in contract and

one count in tort, with an averment that both were for the same cause of action, it being deemed doubtful to which form the cause of action belonged. At the trial in the superior court, the plaintiff testified that the representations of the defendant upon which he relied were made on the morning of the day before the sale; and his counsel then asked him if any representations were made the next day, at the time when the horse was delivered. The defendant's counsel asked if such representations were made before or after the sale. The witness stated, after; and *Wilkinson*, J., ruled out the evidence. In cross-examination, the defendant's counsel asked the plaintiff if the defendant did not say to him that Dr. Saunders, a veterinary surgeon in whose charge the horse had been, had told him that the horse would get well in a few weeks, &c. The plaintiff's counsel asked if that was before or after the delivery. The witness stated, after; and the court ruled out the evidence, for the reason that the conversation had before been objected to by the defendant.

After the evidence was in, it appearing that both counts were for one and the same transaction, the defendant requested that the plaintiff should be required to elect upon which he relied, and that the other count should be stricken out; but the court declined so to order, and the jury returned a general verdict for the plaintiff. The defendant alleged exceptions.

*D. Saunders, Jr.* for the defendant, cited *Murray* v. *Bethune*, 1 Wend. 191; *Miller* v. *Stevens*, 13 Gray, 282; *Trull* v. *True*, 33 Maine, 367.

*W. C. Endicott*, for the plaintiff.

Bigelow, C. J. The question put to the plaintiff on cross-examination was clearly incompetent, because the defendant sought by it to put in evidence his own declarations. He did not ask for the statements or admissions of the plaintiff. If such was his intention in making the inquiry, he should have so stated at the trial. The court, in rejecting the evidence of the conversation on the ground that it had before been ruled out upon the objection of the defendant, only intended to say that this conversation between the parties had not been admit-

ted so as to render it competent for the defendant to offer his own statements in evidence as a part thereof.

The motion to compel the plaintiff to elect upon which count he intended to proceed was addressed to the discretion of the court, and the refusal to order the election is not open to exception. *Exceptions overruled.*